**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **JOSEPH THOMAS, # B-08093,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-332-MJR** |
| | ) | |
| **WILLIAMSON COUNTY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at Menard Correctional Center ("Menard"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He is serving a six-year sentence for violation of an order of protection. Plaintiff claims that following the revocation of his probation, he was improperly sentenced to an extended term.

The complaint alleges that Plaintiff was charged with the probation violation on March 1, 2012, in the Circuit Court of Williamson County (Doc. 1, p. 4). A hearing was held on May 1, 2012, and Plaintiff was found in violation. He was sentenced on July 5, 2012, to a six-year term on a class four felony.

Plaintiff had originally been sentenced to probation after he pled guilty on February 1, 2010. He claims that at that time, he was not subject to an extended-term sentence, and he was not properly informed by the court that he could receive an extended term. He goes on to explain that the sentencing court used the word "if" at some point in the guilty plea proceedings, and he "was only told that [he] might be" eligible for an extended term (Doc. 1, p. 5). He argues that this admonition was not sufficient, therefore the six-year sentence was

unauthorized.  He claims that his release date should have been July 1, 2013, instead of the projected date of December 27, 2014.  Because of the stress of his situation, he has been put on medication for extreme depression and has developed "a form of bipolar" disease.  He seeks money damages for the alleged violation of his constitutional rights.

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from an immune defendant.  After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

The claim raised herein, that the state court imposed an improper extended-term sentence, directly attacks the validity of the final judgment and sentence of the Williamson County Circuit Court.  As a matter of fact, although the Defendant in this civil rights claim is listed in the case caption and on the Court's docket sheet as "Williamson County," it appears from Plaintiff's description of the Defendant in the "Jurisdiction" section of the pleading that he intended to sue the "Williamson County Circuit Court" (Doc. 1, p. 1).  Either way, Plaintiff cannot proceed with his claim.

First, if Plaintiff did indeed intend to sue the municipal entity of Williamson County, he fails to state a cognizable claim.  In order to obtain relief against a municipality in a civil rights action, a plaintiff must allege that the constitutional deprivations were the result of an official policy, custom, or practice of the municipality.  *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Pourghoraishi v. Flying J, Inc.*, 449 F.3d 751, 765 (7th Cir. 2006). The instant complaint in no way suggests that Plaintiff's extended term sentence was the result

of some policy, practice, or custom of the County.  Thus, he fails to state a claim upon which relief may be granted against Defendant "Williamson County."

It appears more likely that Plaintiff intended to sue the judge (whom he does not identify) who imposed his sentence.  This approach is also doomed to failure.  Judges who are being sued solely for judicial acts are protected by absolute judicial immunity.  *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White*, 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering*, 870 F.2d 376, 377 (7th Cir.), *cert. denied*, 493 U.S. 956 (1989). Without question, the imposition of a sentence following a guilty plea and subsequent probation violation is a judicial act.  The Williamson County Circuit Judge who sentenced Plaintiff to the six-year term is immune from a civil rights suit seeking monetary relief, regardless of whether Plaintiff's claim that the sentence was improper under Illinois law might turn out to have some merit.[1]  Thus, the claim against the Judge must be dismissed pursuant to § 1915A.

Even if Plaintiff had named a different Defendant, his claim cannot survive.  Its most fundamental problem is that this quest for money damages as a result of an allegedly improper sentence runs smack into the barrier of *Heck v. Humphrey*, 512 U.S. 477 (1994).

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must

---

[1] Nothing herein is intended as a commentary on the merits of Plaintiff's argument that his extended-term sentence was unauthorized or improper in light of the circumstances of his guilty plea.  Such sentencing arguments are typically raised in the Illinois state courts and must be pursued according to the applicable Illinois Supreme Court Rules.  Plaintiff's complaint gives no indication as to whether he has initiated a challenge to his sentence or guilty plea, much less pursued it through the state court appeal process.

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.  But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Heck v. Humphrey*, 512 U.S. at 486-87 (emphasis in original).  The Court continued, "We do not engraft an exhaustion requirement upon § 1983, but rather deny the existence of a cause of action.  Even a prisoner who has fully exhausted available state remedies has no cause of action under § 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus."  *Id.* at 489.

A judgment in this action to award Plaintiff damages for being subjected to an extended-term sentence must necessarily imply that the six-year extended term sentence was invalid.  Indeed, this is Plaintiff's core argument.  Under *Heck*, Plaintiff cannot seek damages in a civil rights case unless he first succeeds in having his sentence vacated, expunged, reversed, or otherwise invalidated (which he cannot do in the present action).  At this time, Plaintiff is still serving the sentence and gives no indication that he has sought, much less obtained, an order to invalidate the sentence.  Accordingly, under *Heck*, this action must be dismissed.  The dismissal shall be without prejudice, because Plaintiff may bring the claim in the future if he succeeds in invalidating the sentence.  *See Polzin v. Gage*, 636 F.3d 834, 839 (7th Cir. 2011).

Plaintiff may challenge his conviction in a federal habeas corpus action pursuant to 28 U.S.C. § 2254, but he may do this *only after* he has presented all of his claims to the Illinois courts.  Ordinarily, this will involve raising every issue at trial, on appeal, or in a post-conviction motion, and appealing any adverse decisions to the Illinois Appellate Court and the Illinois Supreme Court.

**Disposition**

        For the reasons stated above, this action is **DISMISSED without prejudice** for failure to state a claim upon which relief may be granted.  Plaintiff's motion for recruitment of counsel (Doc. 3) is **DENIED AS MOOT.**

        Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

        If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal.  *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

        The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 17, 2014**

s/ MICHAEL J. REAGAN
United States District Judge